HORACE K. THURBER, assignee of THE SUSSEX MANUFACTUR-
ING COMPANY vs. THE ROYAL INSURANCE COMPANY OF LIV-
ERPOOL, a corporation existing under the laws of England.

Sussex County, April Term, 1894.

**Insurance.. Statutes.**—Where subsequent insurance upon real estate is effected
upon a larger value than that fixed in the policy sued upon, and in the same
policy personal property is insured, all insurance upon the real estate is void ;
but the insurance upon the personalty is not void, the amount of insurance being
separately and specifically named in each case.

**Same. Construction.**—The act of March 2, 1889, known as " the valued policy
law," is a *quasi* penal statute and to be strictly construed.

This was an action of assumpsit upon a fire insurance policy
covering both real and personal property. The suit was brought
to the April Term, 1892, and on October 6, 1893, a case stated
was agreed upon and filed. The facts therein set forth which
proved to be material were substantially, as follows :

On the twenty-eighth day of April, 1891, the Sussex Manu-
facturing Company procured from the Royal Insurance Company
of Liverpool a policy of insurance being No. 4,239,364, in the
sum of $1,500.00, $650.00 thereof being upon a two-story factory
building with boiler house attached on a lot ·of land near George-
town, Delaware, $175.00 thereof on engine, boilers and their con-
nections, $675.00 thereof on fixed and movable machinery in the
above described buildings, the insurance being for the period of
one year from the 28th day of August, 1891 ; the premium paid
thereon being the sum of $52.50.

Stamped upon the face of said policy were the following
words, to wit : "As to buildings only it is agreed between the
insurer and insured that the value of the insured property is the
sum of $2,383.00."

On the fifth day of May, 1891, the said Sussex Manufacturing
Company insured the same property in the Merchants' Insurance

Company at Newark, New Jersey, for the sum of $500.00, expiring May 5th, 1892; the policy being No. 715,826, two hundred and sixteen and two-thirds dollars being on the above described buildings.

Fifty-eight and one-third dollars on engines, boilers and their connections.

$225.00 on machinery.

Stamped on the face of this policy were the following words : " As to buildings only. It is agreed between the insurer and insured that the value of the property insured is the sum of $3,033.00."

The property insured in both of these policies is the same.

The same property was also insured in nine other policies issued by other insurance companies, which are not necessary to be considered here, as in none of them was the value of the real estate stated at an amount greater than that of the policy here sued upon.

The said Sussex Manufacturing Company assigned said policy No. 4,239,364 to Horace K. Thurber, the plaintiff, September 18th, 1891.

The insured property was wholly destroyed by fire on September 17th, 1891.

*J. Francis Bacon*, for the plaintiff. I shall argue this case under two heads :

I. As to the construction of this Act.

In construction of statutes generally the intention of the makers should govern; *Peoples vs. Utica Ins. Co.*, 10 Johns. 358; *Staniels vs. Raymond*, 4 Cush. 314. This may be ascertained by the language used, the surrounding circumstances, the mischief existing at the time, and the remedy intended; *Peoples vs. Utica Ins. Co., supra ; Winslow vs. Kimball*, 25 Me. 493; *Alexander vs. Worthington*, 5 Md. 471; *Selby vs. Smith*, 2 Mich. 486.

The object, intent, and meaning of the statute under considera-

tion was the protection of the insurer. This appears by the title,. which states its purpose to be " to define the liability of fire insurance companies in certain cases ;" 18 Del. Laws, ch. 695. Therefore the proper construction to be put upon that clause which requires a value to be fixed and agreed upon, and that a higher value in any subsequent policy works a forfeiture, is that it means insurance effected between the same parties only, as in that way only could it be binding upon the parties as expressly required by statute.

(1) This is clear, because the legal effects of a contract are confined to the contracting parties; Pollock, Contracts [167].

(2) No third party can become entitled by the contract itself to demand the performance of any duty under the contract; id. [188].

(3) The original parties to a contract must be parties ascertained at the time when the contract is made; id. [190].

(4) The contract must be mutual or binding upon both at the same time; Chitty, Contracts [15]. Therefore one company cannot take advantage of a valuation in the policy of another company to which it is not a party.

II. As to the application of the act.

It applies only to the contracts for policies of insurance made or issued in this State upon real property situated therein; § 2 of the act.

I find no cases bearing directly upon this point, and therefore we must reason by analogy. The cases most analogous seem to be those which apply to bankrupts or insolvents.

A bankrupt or insolvent seeks to discharge himself by reason of a statutory enactment from liability otherwise existing, but this cannot be done by State statutes. 2 Kent Com. 422; *Sturges vs. Crowninshield*, 4 Wheat. 122; *McMullin vs. McNeil, id.* 209; *Smith vs. Parsons*, 1 Hamm. Ohio 236; *Hempstead vs. Read*, 6 Conn. 480.

The insurance companies seek the same object here and upon

the principle of these cases the act is unconstitutional, as impairing the obligation of a contract.

As the statute applies to insurance on real property alone and all the policies cover both real and personal property and a total loss is admitted, the contract is severable and the plaintiff is entitled to recover the amount of insurance on personal property if not on the real; *Merrill vs. Ins. Co.*, 73 N. Y. 453; *Shuster vs. D. C. Ins. Co.*, 102 N. Y. 260; *Smith vs. Home Ins. Co.*, 14 N. Y. 106; *State Ins. Co. vs. Schreck*, 27 Neb. 527; *German Ins. Co. vs. Fairbank*, 32 Neb. 750.

*L. C. Vandegrift*, for the defendant.

Upon the facts as stated the policy in the defendant company is void. This results necessarily from the express provisions of the statute; 18 Del. Laws, ch. 695, Rev. Code (1893) 586.

There are some things in regard to this statute which we may take as uncontroverted, viz.:

(*a*) That it relates only to insurance upon real property.

(*b*) That loss by fire is covered by a policy issued under it.

(*c*) That the property must be wholly destroyed.

(*d*) That the amount of the insurance stated in the policy shall be the measure of the insurer's liability.

(*e*) That the agreed value shall be endorsed across the face of the policy.

(*f*) That if the owner effects any subsequent insurance upon a larger value than so agreed upon, all insurance shall become void, and

(*g*) That this Act shall apply to all policies hereafter made or issued upon real property in this State and the contracts thereunder shall be construed as made under the laws of this State.

The plaintiff cannot recover in this case because the policy was made void by violation of the condition when the plaintiff or owner effected "subsequent insurance upon a larger value." This clause is capable of two interpretations, either of which will render the policy void.

I. The words "shall not effect any subsequent insurance upon any larger value than so agreed" mean that the owner shall not give, in effecting subsequent insurance, a larger value to his property than the value agreed to when effecting previous insurance. The words "larger value" and "agreed (value)" refer to the values endorsed on the face of the policies. These words are intended as a measure by which the respective insurers may determine the amount of risk they will assume upon the property. They are intended also as a check to prevent the owner from obtaining excessive insurance. They are therefore the basis in any policy upon which the insurance in that policy is effected.

II. If it be contended broadly that the intention of this statute is to prevent an owner of real property from effecting *any* subsequent insurance to an amount larger or in excess of the value which he has agreed shall be endorsed upon the face of a preceding policy, then in this view the plaintiff has violated the statute and rendered *all* insurance void.

If the insurance upon the buildings is void under the provisions of the valued policy act then the entire contract of insurance represented by the policy sued on is void, and no insurance of any kind can be collected thereunder for the reason that the contract is entire and indivisable; Addison, Cont., *[147]; Parsons, Cont. (5th ed.), 517; *Friesmuth vs. Agawan*, 10 Cush. 587; *Lovejoy vs. Augusta*, 45 Me. 472; *Gottsman vs. Pa. Ins. Co.*, 56 Pa. 210; *Bowman vs. Franklin Ins. Co.*, 40 Md. 620; *Hinman vs. Hartford*, 36 Wis. 159; *Plath vs. Minn. Ins. Co.*, 23 Minn. 479; *Filson vs. Hines*, 5 Barr (Pa.) 452; May, Ins. (2d ed.) §§ 277-8; *Essex, &c., vs. Meriden Ins. Co.*, 57 Conn. 335; *Geiss vs. Franklin Ins. Co.*, 123 Ind. 172.

The divisible and indivisible nature of contracts was recognized in this State by Gilpin, C. J., at the end of his opinion in *Reybold vs. Henry*, 3 Houst. 279.

A few of the States have followed the rule finally adopted by New York after numerous decisions to the contrary, to the effect

that in a policy like the one now before the Court, the contract of insurance is divisible and severable. The opinion chiefly relied upon by courts adopting this rule, but which is its own evidence of inherent weakness, is *Merrill vs. Agricultural, &c.,* 73 N. Y. 452.

The courts of New York, after many conflicting decisions, seemed for a time to be satisfied with the doctrine in *Merrill vs. Agricultural, &c.,* but compare it with a decision of the same Court in 1890. *Smith vs. Agricultural Ins. Co.,* 118 N. Y. 518.

LORE, C. J., delivered the opinion of the Court.

This action is brought to recover from the defendant the amount of insurance named in the first mentioned policy. The defendant resists, upon the ground that the insurance is void under the act of March 25th, 1889, because after the issuing of the policy by the defendant the plaintiff effected a subsequent insurance upon a larger insurance value than the one agreed upon in this policy. The Act of Assembly passed March 29th, 1889, provides:

" Section 1. Whenever any policy of insurance shall be issued to insure any real property in this State against loss by fire, tornado or lightning, and the property insured shall be wholly destroyed without criminal fault on the part of the insured, or his assigns, the amount of the insurance stated in such policy shall be taken conclusively to be *the true value of the property* insured and the true amount of loss and measure of damage (subject to the proviso herein); and every such policy, whether hereafter issued or renewed, shall have endorsed across the face of it the following: ' It is agreed between insurer and insured that the value of the insured property is the sum of $———; and this estimate shall be binding on both parties as to value; (provided, however, that *nothing herein contained shall, in case of loss, prevent the company insuring from adjusting the loss by replacing the property destroyed.)*"

" And in case any owner shall effect any subsequent insurance upon *any larger value* than so agreed, all insurance as well that then existing as that subsequently obtained shall become void."

It will be observed that the insurable value of the property

is fixed in the Royal Insurance Company policy at the sum of
$2,383.00 ; that in the subsequent policy issued by the Merchants'
Insurance Company of Newark, New Jersey, the insurable value
is fixed at $3,033.00, the amounts in both cases being endorsed
across the face of the policies in pursuance of the said statute. The
last named policy being subsequent in date and effected upon a
larger insurable value, by the very terms of the statute the insur-
rance on the real estate became void. The language of the statute
in this regard is so plain and unambiguous, as to relieve the Court
any doubt.

The policy of insurance covers both real and personal property
and fixes the amount to be paid for each specifically in case of
destruction.

The statute in the terms relates only to insurance issued on
" real property."

The question, therefore, remains, whether the insurance on the
personal property is also void.

The statute is in its nature penal, and should not be construed
beyond its terms and plain meaning, unless there be some control-
ling reason for so doing.

It is claimed for the defendant that this contract of insurance
is indivisible, and if void as to the real property, it must also be
void as to the personal.

The indivisibility or entirety of contracts of insurance has,
perhaps, given rise to as many nice distinctions, and as much con-
flict of authority as any other modern question ; and many authori-
ties have been cited on both sides, which we have carefully con-
sidered. The case of *Merrill vs. Agricultural Ins. Co.*, 73 N. Y.
452, is a leading case in favor of the divisibility of these contracts
and the case of *Essex Savings Bank vs. Meriden Fire Ins. Co.*, 17
Atl. Rep. 930, cogently reasons for their indivisibility.

We find a large number of cases which hold the contract to be
indivisible, based upon a condition in the policy, that the policy or
contract of insurance shall be void.

Where the amount of insurance is in lump so that the value

of each particluar kind cannot be ascertained, of necessity the contract is indivisible. But where the amount to be paid upon each particular kind of property is specifically named in the contract itself, a strong current of authorities maintains the divisibility of the contract.

We do not feel called upon, however, to decide this question. The policy specifically names the amount to be paid upon each species of property; and the statute of our State expressly confines the forfeiture to the realty.

We are not construing the contract upon the term thereof, but but are interpreting a *quasi* penal statute of this State and its effect upon this contract.

We, therefore, conclude that the policy is void as to the amount insured upon the realty, and upon the engine, boilers, their connections being respectively $650.00 and $175.00; and is valid as to the amount insured upon the personal property, viz: $675, and order that judgment be entered in favor of the plaintiff for the said sum of $675.00, with interest thereon from Sept. 17, 1891.